UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CP Solutions PTE, Ltd.,** : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 3:04cv2150 (JBA) |
| : | |
| **General Electric Co., et al.,** : | |
| Defendants. : | |

**RULING ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT
AND FOR RECONSIDERATION [DOC. # 198]**

On January 24, 2007, this action was dismissed for lack of subject matter jurisdiction on grounds that defendant GE Multilin ("Multilin"), named in plaintiff's initial Complaint and First Amended Complaint, was an indispensable party to this action and a foreign entity, as is plaintiff CP Solutions PTE, Ltd. ("CPS"), and diversity jurisdiction cannot exist between two foreign entities. See Ruling on Defs. Mot. to Dismiss [Doc. # 196]. Plaintiff now moves for reconsideration of that Ruling, seeking to alter or amend the Judgment that issued dismissing this case, on the following grounds: (1) "GE has admitted that Multilin has been dissolved and no longer exists; the Second Circuit and other courts have held that a dissolved corporation cannot be indispensable;" (2) "the time of filing rule measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing" and "the Court replaced the time of filing rule with a new rule that the facts as they existed at time of filing

1

can only be established by the allegations made at time of filing;" (3) "at the time of filing, there was no formal written contract between CPS and GE or between CPS and any of GE's subsidiaries or entities that were initially named as defendants;" (4) "both CPS and GE are in complete agreement that a contract between CPS and Multilin had never existed;" and (5) "in CPS's [Second Amended Complaint ("SAC")], CPS merely conformed the Initial Pleadings to facts uncovered during discovery and accordingly, properly dropped Multilin as a defendant; the Court should deem the SAC the operative complaint." Mot. to Alter/Amend and Mot. for Recon. [Doc. # 198]. CPS additionally argues in its reply briefing that Multilin and co-defendant GE Company are co-obligors under the allegations of the initial Complaint, undermining defendants' argument that Multilin is indispensable because "that a party to a contract which is the subject of the lawsuit is the paradigm of an indispensable party" "is subservient to the well settled doctrine that co-obligors to a contract are not 'indispensable' parties to a litigation under Rule 19(b)." Pl. Reply [Doc. # 202] at 4. After an exchange of letters to the Court by the parties on the co-obligor issue, see [Doc. # 204], defendants were permitted to file a sur-reply memorandum on this issue, see [Doc. # 205].

For the reasons that follow, plaintiff's Motion for

Reconsideration is granted in part, but after reconsideration the ruling dismissing this action remains unchanged, and the Motion to Alter or Amend is accordingly denied.

I.  **Background**

In the January 23, 2007 Ruling, the Court applied the standard for a motion to dismiss for lack of subject matter jurisdiction brought pursuant to Fed. R. Civ. P. 12(h)(3), under which the Court must consider whether diversity jurisdiction existed as of the time the action was commenced, and then, assuming absence of such jurisdiction at that time, whether the non-diverse party could be withdrawn as merely a dispensable party such that the jurisdictional defect could be cured.  See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 569-72 (2004); Fed. R. Civ. P. 19, 21.  The Court recognized that "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction, the court may refer to evidence outside the pleadings, . . . and evidence concerning the court's jurisdiction may be presented by affidavit or otherwise," and indicated that "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  Ruling at 9-10 (citing cases).

On the basis of the allegations in the initial Complaint that GE collectively, defined to include Multilin, were parties to the contract alleged to have been breached, which allegations

3

plaintiff did not dispute, instead arguing that the allegations of its proposed Second Amended Complaint (alleging that the claimed contract was between CPS and GE Company only) superceded its earlier allegations, the Court found that Multilin was an indispensable party inasmuch as CPS alleged that Multilin was a breaching party to the alleged contract with CPS and thus "no diversity jurisdiction existed at the time of the filing of this action because both CPS and GE Multilin are foreign entities." Ruling at 14-15 (citing, inter alia, Travelers Indem. Co. v. Household Int'l, Inc., 775 F. Supp. 518, 527 (D. Conn. 1991) (observing that a party to a contract which is the subject of the lawsuit "is the paradigm of an indispensable party").

In so finding, the Court rejected plaintiff's claim that its Second Amended Complaint, which omitted Multilin as a defendant and deleted the allegations concerning Multilin being a party to the contract, was the operative pleading, noting that it "was filed on consent based on the understanding that it would constitute a 'proposed supplemental complaint' and 'plaintiff's proposed solution' to the recognized jurisdiction problem," and finding that once the issue of lack of diversity jurisdiction was raised by defendants, the Court was obliged to first determine that issue before ruling on other matters or accepting plaintiff's proposed amended pleading. See Ruling at 7-8, 15.

**II. Standard**

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is appropriate only "if there has been an intervening change in controlling law, there is new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice." United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994).[1]

**III. Discussion**

Plaintiff's first contention is that because, as GE[2] has admitted, Multilin has been dissolved and thus has no interest in the outcome of this action, it cannot be deemed an indispensable party thereto. While plaintiff cites cases for the proposition

---

[1] Motions to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) are analyzed under the same standard. See City of Hartford v. Chase, 942 F.2d 130, 133-34 (2d Cir. 1991) ("Motions for reconsideration . . . are as a practical matter the same thing as motions for amendment of judgment under Fed. R. Civ. P. 59(e) – each seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance.").

[2] For ease of reference, defendants collectively are referred to as "GE;" when referring to a specific GE entity, such as GE Multilin or GE Company, the Court will so specify.

that "[w]here a litigant is not a real party in interest or is purely a nominal or formal party, its interest in the action may be overlooked in determining jurisdiction," see, e.g., Int'l Union, United Auto., Aerospace & Agricultural Implement Workers of America v. Bristol Brass Co., 123 F.R.D. 431, 433 (D. Conn. 1989); Transcontinental Oil Corp. v. Trenton Prods. Co., 560 F.2d 94, 103 (2d Cir. 1977) ("[A] district judge must disregard the citizenship of nominal or formal parties having no real interest in the litigation and must look to the citizenship of the real parties in interest."), plaintiff advanced this same argument in its briefing on defendants' Motion to Dismiss, and it was rejected, see Ruling at 15 n.5. The cases relied on by the plaintiff do not dictate that a dissolved corporation is necessarily, or automatically, a dispensable party, but that such status may be a factor in the determination of dispensability. However, as the Court noted in its Ruling, in this case, pursuant to Canada's Business Corporations Act § 226, "a civil, criminal or administrative action or proceeding may be brought against the body corporate within two years after its dissolution as if the body corporate had not been dissolved," see Canada Business Corporations Act § 226(2)(b) [Doc. # 171-4], and plaintiff filed its Complaint against, inter alia, Multilin within this two-year

period.[3]  Cf. Balogh, Osann, Kramer, Dvorak, Genova & Traub v. Chevy's Int'l, Inc., No. 89civ8193 (KMW), 1990 WL 74531, at *2 (S.D.N.Y. May 31, 1990) (finding that where defendant corporation, although dissolved, could be sued under its forum's laws for two years after dissolution, and where plaintiff did not claim that defendant was a "shell corporation without assets," defendant corporation was not "merely a nominal party to th[e] case").  Moreover, as noted in the challenged Ruling, Multilin's assets and obligations were transferred to, and remain with, another entity, also Canadian, and substitution of this entity as the indispensable party (as successor to Multilin's interests and obligations under the alleged contract with CPS) would similarly defeat diversity jurisdiction.  Thus, Multilin's status as a dissolved entity, which was taken into account in the Court's Ruling, does not provide a basis for reconsideration.

Next, plaintiff contends that the Ruling was erroneous because it failed to evaluate the actual facts in existence at the time this action was filed, and relied solely on the Complaint's allegations concerning those facts.  As the Ruling

---

[3] The Court is perplexed by plaintiff's suggestion that "the indispensability analysis required by Rule 19(b) would require that the possibility of filing suit against Multilin under Canadian law be evaluated prospectively, not retrospectively," Pl. Mem. [Doc. # 199-3] at 11, as CPS already sued Multilin, in this action, in 2004, and the issue is thus whether Multilin is an indispensable party to this action such that it cannot be dismissed in order to cure diversity jurisdiction.

acknowledges, in deciding a Rule 12(h)(3) motion to dismiss for lack of subject matter jurisdiction, the Court must determine whether diversity jurisdiction existed as of the time the action was commenced, and it may refer to evidence outside the pleadings (presented by affidavit or otherwise) in making this determination.  <u>See</u> Ruling at 9-10 (citing cases).  However, because the Court did not expansively explain in its Ruling its findings based on the purported jurisdictional evidence submitted by CPS in opposition to defendants' Motion to Dismiss to rebut the allegations in its Complaint, plaintiff's Motion for Reconsideration will be granted to reconsider the Ruling in this respect.

First, plaintiff claims that the Court's conclusion that there was no diversity at the time the action was filed was incorrect, arguing that GE admits that Multilin was not a party to the alleged contract.  However, contrary to plaintiff's contention that the parties have "stipulated" that, whatever the merits of plaintiff's claims are, there was no contract between CPS and Multilin, GE has not so stipulated.  Rather, GE has consistently maintained that there was no contract between CPS and <u>any</u> GE entity with respect to the matters alleged in this action; however, GE claims that if the contract alleged to have been breached in fact existed, Multilin was a party to it.

Thus, in the absence of any agreement about the parties to

8

the alleged contract, the Court considers plaintiff's arguments that the allegations in its Complaint indicating that Multilin was a party to the contract breached do not represent the actual facts in existence at the time this action was filed. Specifically, plaintiff contends that "the allegations in the initial pleadings were made by mistake of fact (counsel for CPS prudently alleged the existence of a contract between GE and the GE subsidiaries based on the presence and involvement of the employees of GE's subsidiaries)," Pl. Mem. at 6, "after the parties had conducted written discovery, and after GE had produced numerous documents, and after CPS had taken several depositions, the facts of the case revealed that GE [Company] alone had entered into a contract with CPS, and GE [Company] alone was legally responsible for the breach of that contract [and] [t]hus, in its SAC that CPS filed, CPS conformed the Initial Pleadings to the facts uncovered in discovery, and dropped all defendants but GE [Company] itself, thereby curing any jurisdictional issues caused by naming Multilin as a defendant," id. at 13. However, the Affidavit of Johnny Chan, Managing Director of CPS, which accompanied plaintiff's opposition memorandum to defendants' Motion to Dismiss and which plaintiff contends the Court overlooked, does not in fact indicate that CPS learned during discovery that GE Company was the only 'true' party to the alleged contract; rather, Chan's

9

Affidavit sets out his own personal knowledge and experience with the events CPS claims gave rise to the alleged contract, which Chan was necessarily aware of since their occurrence in January - February 2003, and which do not establish, by a preponderance of the evidence, that Multilin was not a party to the alleged contract (indeed, Chan's Affidavit reflects that Multilin representatives were present for at least some of the alleged meetings). Moreover, the Affidavit of Brian J. McCormack, Esq. [Doc. # 200], counsel to CPS, cannot suffice to satisfy plaintiff's burden of demonstrating the existence of jurisdiction (by establishing Multilin as a dispensable party), because McCormack does not have personal knowledge, other than through discovery, of the events of 2003 alleged to have given rise to the claimed contract, and he does not attach any of the evidence uncovered in discovery that he argues revealed "that the parties to the contract were only CPS and GE [and] that there was no contract between CPS and Multilin" (¶¶ 15-16). Further, the affidavits of both Chan and McCormack, as well as plaintiff's memorandum of law, state that there was no formal written contract between CPS and any GE entity, but the email exchange on which CPS relies for purposes of the alleged contract is an email that Chan received in February 2003, see E-Mail Chain [Doc. # 199, Ex. 1]; Chan Aff. ¶ 13, well before the filing of this action and commencement of discovery. In short, there is no

basis in plaintiff's proffered "evidence" for finding that the allegations concerning the parties to the purported contract in its initial Complaint were incorrect, and the burden is on CPS to demonstrate subject matter jurisdiction (including diversity of citizenship).[4] Accordingly, although the Court may not have fully explained the basis for its finding of a lack of diversity at the time this action was filed in its initial Ruling, plaintiff's reiteration of its arguments on this point are unpersuasive that modification of the Court's original determination is warranted.[5]

---

[4] Plaintiff's lack of evidence to support its contention that the alleged contract was between CPS and GE Company only belies its claim that this fact was "revealed" through discovery and calls into question whether CPS's proposed Second Amended Complaint was interposed solely in an attempt to cure the obvious jurisdictional defect, rather than as a response to evidentiary developments, as none are identified. Indeed, while CPS contends that "[t]he only materials that support the existence of a CPS/Multilin contract are the allegation in the Initial Pleadings" and that "[a]ll other evidence is to the contrary, that CPS/Multilin contract never existed," plaintiff cites to Attorney McCormack's Affidavit at paragraphs 19-23, which paragraphs only detail GE's denial of the existence of a contract between CPS and any GE entity, and state in conclusory fashion that "[b]y the time GE first raised [the] issue of lack of subject matter jurisdiction, although CPS had noticed numerous depositions that had yet to be taken, GE had produced sufficient internal GE documents and sufficient discovery had been accomplished for counsel for CPS to firmly conclude that there was only one contract, and that contract was between GE and CPS," without identifying or attaching any such documents.

[5] CPS suggests that the Court improperly disregarded the allegations in plaintiff's proposed Second Amended Complaint in determining whether Multilin is a dispensable party; this suggestion ignores the fact that it is CPS' burden to establish jurisdiction, other than by mere allegation once it is

11

In its Reply brief on this Motion for Reconsideration, CPS now contends for the first time that even if a contract existed between CPS and Multilin (among other GE entities), Multilin was a co-obligor on the alleged contract, and the paradigm of a party to a contract being indispensable is "subservient" to the doctrine that co-obligors to a contract are not indispensable under Rule 19(b). See Pl. Reply at 4. Intrigued by this contention and questioning whether it fell within the scope of plaintiff's previously advanced general argument regarding dispensability, the Court granted GE leave to file a sur-reply memorandum addressing this issue only, see Sur-Reply [Doc. # 206]. Now, on closer review of this issue, it is clear that plaintiff's co-obligor argument is not subsumed within its previously advanced dispensability argument, but rather is an entirely new claim, and untimely raised. A motion pursuant to Rule 59(e) must be made within 10 days after entry of the judgment and must set forth all grounds warranting the relief sought; supplementing a timely-filed motion with additional

---

challenged. Further, as discussed in the Ruling, plaintiff filed its Second Amended Complaint pursuant to an agreement reached at the September 28, 2006 conference that it would be considered "a proposed supplemental complaint," see Ruling at 5-6, and once the jurisdiction issue was raised, the Court was bound to determine that issue first, see id. at 8, 15; upon determining lack of diversity, the Court lacked jurisdiction to accept the Second Amended Complaint as operative and it would thus have been improper to consider its allegations or the parties' arguments concerning whether Multilin constituted an indispensable party under the allegations of that pleading.

12

grounds or arguments is not contemplated by the Rule.[6] See Feldberg v. Quechee Lakes Corp., 463 F.3d 195, 197 (2d Cir. 2006) (party's claimed Rule 59(e) motion was untimely and thus construed as a Rule 60(b) motion for relief from judgment where party filed a timely but "skeletal" motion, later supplemented, observing "[u]nder the standards of Rule 7(b)(1), a Rule 59(e) motion need not be comprehensive [but] must, nonetheless, apprise the court and the opposing party of the grounds upon which reconsideration is sought," and finding that "[p]ermitting the [party] to supplant the[] timely yet insufficient 'placeholder' Rule 59(e) motion . . . with the[] subsequent augmented filing . . . would afford [] an easy way to circumvent Rule 6(b)'s prohibition on granting an enlargement of time for filing motions under Rule 59(e)"); cf. State Trading Corp of India v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990) (considering a motion to amend following dismissal pursuant to Fed. R. Civ. P. 12(b)(6), stating "[w]hen the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly. . . . [A] busy district court need not allow itself to be imposed upon by the

---

[6] This is also the case with respect to plaintiff's claim that Multilin should be held indispensable on grounds that CPS alleged in its First Amended Complaint that Multilin was an agent of GE Company (Pl. Reply at 5).

presentation of theories seriatim") (emphasis added).

Moreover, even if it had been timely raised, plaintiff's co-obligor argument is not persuasive.[7] First, plaintiff offers no authority for its assumption that a multi-party contract necessarily creates co-obligors, and that Multilin should be deemed a co-obligor here; the cases cited by plaintiff relating to co-obligors do not hold that all parties to multi-party contracts are co-obligors, but rather find existence of co-obligors in circumstances different from those here, such as in the context of joint and several liability on a debt or in a tort action.[8] By contrast, in the case of claims sounding in breach

---

[7] The Court declines to disregard GE's Sur-Reply or to permit CPS to file a response thereto as requested in CPS's April 9, 2007 letter to the Court. First, as CPS's counsel acknowledges in the letter, both CPS and defendants have exceeded the 10-page limit in their memoranda; moreover, the Court did not explicitly set a page-limit for GE's Sur-Reply. Further, although CPS contends that GE disregarded the Court's Order permitting a Sur-Reply on the co-obligor issue only by including sections in its memorandum such as "This Court has No Jurisdiction to Entertain CPS' New Argument on Reply" and "Parties to Contracts in Dispute are Indispensable," these points pertain to that issue (i.e., whether the Court should even reach the merits of plaintiff's co-obligor argument and whether the principle that parties to contracts in dispute are indispensable is "subservient" to the doctrine of co-obligors as CPS contends).

[8] See In re Tehran-Berkeley Civil & Envtl. Eng'rs, 888 F.2d 239, 243 (2d Cir. 1989) (individual partner was joint obligor who was jointly liable with his partners pursuant to New York partnership law); Bank of America Nat'l Trust & Savings Ass'n v. Hotel Rittenhouse Assocs., 844 F.2d 1050, 1054-55 (2d Cir. 1988) (non-diverse party was dispensable co-obligor in action to enforce arbitration award where arbitrator had found non-diverse party and defendant jointly and severally liable and an agreement already existed for indemnification); Greenleaf v. Safeway

14

of contract, "the individual responsibility of each actor is defined by the contract and does not necessarily result in joint and several liability." Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343, 360 (2d Cir. 2000) (noting that, for this reason, "[c]laims for breach of contract may be more susceptible to dismissal under Rule 19(b) than claims sounding in copyright and tort").

Further, plaintiff offers no support for its claim that, even assuming Multilin could be characterized as a "co-obligor," the rule that a party to a contract which is the subject of a lawsuit is the "paradigm of an indispensable party" is

---

Trails. Inc., 140 F.2d 889, 890 (2d Cir. 1944) ("joint debtor" or "joint obligor" under promissory note payable to plaintiff was not an indispensable party); General Elec. Capital Corp. v. Pro-Fax Coop., Inc., No. 01civ10215 (LTS) (JCF), 2002 WL 1300054, at *3 (S.D.N.Y. June 11, 2002) (claims against debtor's corporate affiliates were premised on allegedly fraudulent actions of those affiliates and thus were not "related to" debtor's bankruptcy case for purposes of jurisdiction under 28 U.S.C. § 1334, also noting that "[e]ven if [affiliate] defendants were viewed as co-obligors on the [debtor's] lease [(the obligations of which defendants had allegedly promised they would be responsible for)], joinder would not be required under Rule 19"); Universal Reins. Co. v. St. Paul Fire & Marine Ins. Co., No. 96civ8436 (WHP), 2001 WL 585638, at *4 (S.D.N.Y. May 30, 2001) (non-diverse plaintiffs were indispensable to affirmative claims for breach of contract and promissory estoppel, but were dispensable with respect to defendant's counterclaims where the contract forming the basis for those counterclaims provided that plaintiffs were jointly and severally liable), aff'd in relevant part, 312 F.3d 82 (2d Cir. 2002); Rose v. Simms, No. 95civ1466 (LMM), 1995 WL 702307, at *4, 6-7 (S.D.N.Y. Nov. 29, 1995) (non-diverse party was not indispensable where "the claim sound[ed] in tort, rather than contract" and non-diverse party and other defendants were thus nothing "more than joint tortfeasors").

15

"subservient" to "the well settled doctrine that co-obligors to a contract are not 'indispensable' parties to the litigation under Rule 19(b)." Pl. Reply at 4. Rather, as the Court recognized in its Ruling, courts generally hold that a party to a multi-party contract, whose rights, obligations, and liabilities thereunder would be affected if the relief sought were granted, is an indispensable party. See MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 386 (2d Cir. 2006) (noting principle that presence of party to contracts at issue is required) (citing Crouse-Hinds Co. v. Internorth, Inc., 634 F.2d 690, 701 (2d Cir. 1980), and Lomoyaktewa v. Hathaway, 520 F.2d 1324, 1325 (9th Cir. 1975) ("No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable.")); Rubler v. Unum Provident Corp., No. 04civ7102 (DC), 2007 WL 188024, at *4 (S.D.N.Y. Jan. 25, 2007) (parties could not "manufacture or create diversity jurisdiction" by dropping party who had issued the insurance policies claimed to have been breached because that party was indispensable) (citing Travelers Indem. Co. v. Household Int'l Inc., 775 F. Supp. 518, 529 (D. Conn. 1991), for proposition that "a contracting party is the paradigm of an indispensable party") (also cited by this Court in its Ruling). Thus, as in these cases, applying the Rule 19(b) indispensability

factors to the circumstances of this case dictate dismissal: (1) a judgment rendered in Multilin's absence might be prejudicial to plaintiff inasmuch as if breach of contract were proved, it would not be able to recover from Multilin/its successor for any such breach; (2) no "protective provision" for alleviating this prejudice is apparent; (3) a judgment rendered in Multilin's absence could be wholly or partially incomplete, likely prompting subsequent piecemeal litigation between CPS and Multilin; and (4) if this case is dismissed, other fora are available to plaintiff in which to sue defendants, including any state court where long-arm jurisdiction can be found. Thus, even if timely asserted, plaintiff's co-obligor argument does not justify reconsideration of the Court's previous finding that Multilin, as a breaching party to the alleged contract, is indispensable.

**IV. Conclusion**

For the foregoing reasons, as outlined above, CPS' Motion for Reconsideration [Doc. # 198] is GRANTED in part, but the Court's Ruling adhered to, and thus CPS' Motion to Alter or Amend [Doc. # 198] is DENIED.

                      IT IS SO ORDERED.

                      _____/s/_____

                      Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut this 16th day of July, 2007.**